# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARBONITE FILTER CORPORATION,** | : |
| Plaintiff | : CIVIL ACTION NO. 3:18-1238 |
| v | : |
| **C. OVERAA & CO.,** | : (JUDGE MANNION) |
| Defendant | : |

## MEMORANDUM

Presently before the court is a motion for reconsideration filed by the plaintiff Carbonite Filter Corporation ("Carbonite") seeking the court to set aside its November 17, 2018 Memorandum and Order, (Docs. 27 & 28), granting defendant C. Overaa & Co. ("Overaa") Overaa's motion to dismiss, (Doc. 12), Carbonite's complaint, (Doc. 1), for lack of personal jurisdiction pursuant to [Fed.R.Civ.Pro. 12(b)(2)](). The court granted Overaa's motion since it found that it did not have general or specific personal jurisdiction over Overaa and, it dismissed Carbonite's complaint against Overaa. Based on the following, the court will **DENY** Carbonite's motion for reconsideration to the extent it seeks the court to vacate its finding that it lacked personal jurisdiction over this case. The court will **GRANT** Carbonite's motion for reconsideration to the extent it seeks the court to transfer this case to District Court for the Northern District of California instead of dismissing it.[1]

---

[1] Since the court stated the procedural and factual background of this case in its November 17, 2018 Memorandum, it will not be repeated herein.

## I. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). The applicant for reconsideration must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). However, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Reconsideration is generally appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 360–61 (3d Cir. 2015) *(*quoting *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). It may not be used as a means to reargue unsuccessful theories that were presented to the court in the context of the matter previously decided "or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Id*. at 361 (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

The "motion will not be granted merely because a party is dissatisfied with the court's ruling, nor will a court consider repetitive arguments that were previously asserted and considered." *Frazier v. SCI Med. Dispensary Doctor + 2 Staff Members*, No. 1:07-194, 2009 WL 136724, at *2 (M.D. Pa. Jan. 16, 2009) (collecting cases). Therefore, motions for reconsideration "are not appropriate if the movant only intends that the court hear new arguments or supporting facts. Ramos-Becerra v. Hatfield, 2017 WL 344996, *1 (M.D.Pa. Jan. 24, 2017) (citations omitted). Further, "[t]he reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly." Id. (citation omitted).

## II.  DISCUSSION

At the outset, the court again notes that Carbonite does not dispute that the court cannot exercise general jurisdiction over Overaa in Pennsylvania. Thus, Carbonite's motion only relates to whether the court erred in its determination that it cannot exercise specific jurisdiction over Overaa.[2] To summarize, the court found that the "relatedness" requirement was not met.

Carbonite argues that the court erred when it struck its October 24, 2018 Supplemental Affidavit of Brian Monaghan and Overaa's answers to Carbonite's requests for admissions from the record as a sur-reply brief

---

[2] The court does not fully repeat its discussion regarding its finding in its November 17, 2018 Memorandum that the court does not have specific jurisdiction over Overaa in Pennsylvania.

3

without obtaining leave of court, (Doc. 24), and that it erred when it did not consider Overaa's purchase of coal from Unifilt in March 2016. Carbonite essentially argues that Overaa's purchase of coal from Unifilt in March 2016 was sufficient for the court to find that it had specific jurisdiction over Overaa in Pennsylvania.

Specifically, Monaghan averred that on March 11, 2016 Overaa purchased 52 tons of anthracite coal for the Sacramento water treatment project from Unifilt, a Wilkes-Barre, Pennsylvania company, for $35,850.00. He also avers that Overaa did business with Carbon Sales, a Pennsylvania company, on March 5, 2016, and purchased goods or services relating to the Sacramento project. Carbonite also states that Overaa's admission number 3 showed that Overaa purchased coal for the Sacramento project from Unifilt.

Initially, the court concurs with Overaa that its purchase of coal from Unifilt in March 2016 was not new evidence previously unavailable to Carbonite. Overaa states that Carbonite "was aware of the Unifilt Purchase at the time it filed its [brief in opposition to Overaa's motion to dismiss] [Doc. 19]" on September 24, 2018, and that Carbonite "had in its possession Overaa's Answers to [Carbonite's] discovery requests, which had been served on September 18, 2018 and which contained information regarding the Unifilt Purchase." In fact, Carbonite attached Overaa's responses to its interrogatories as Exhibit 8 to its brief in opposition. (Doc. 19-8). In its responses, Overaa attached Exhibit A, "a spreadsheet that identifies the suppliers for all of Overaa's purchases from January 1, 2010 through

4

August 15, 2018 from each and every person, association, company, corporation, business, agent, entity or firm that is located in the Commonwealth of Pennsylvania." Overaa's Exhibit A specifically listed the transaction with Unifilt. The response clearly indicated as follows: "Unifilt Corporation 35,850.00 Anthracite Filter--3275 (Sacto WWTPs)." (Doc. 19-8 at 10).

> Moreover, as Overaa explains,
>
> the Unifilt Purchase cannot possibly serve as a basis for [Carbonite's] claims against Overaa. Rather, it was the nonpayment of [Carbonite's] invoices that serve as the basis of its claims. According to [Carbonite's] Complaint (Exhibits 2, 3 and 4), [Carbonite] billed Carbonfilt for its coal purchases in July and August 2015. The Unifilt Purchase did not occur until March 2016, long after [Carbonite's] cause of action accrued.

There is no doubt that Carbonite's claims regarding the nonpayment of its invoices could not have arisen out of the Unifilt purchase which occurred seven months later and was between Overaa and a different company. As the court previously stated, "[s]pecific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant 'should reasonably anticipate being haled into court' in that forum." Gorton v. Air & Liquid Systems Corporation, 303 F.Supp.3d 278, 292 (M.D.Pa. 2018) (citations omitted). The court found that Carbonite's claims raised in this case do not arise out of or relate to any of Overaa's activities in Pennsylvania, and that it was not reasonably foreseeable that Overaa would have to litigate the instant claims regarding the nonpayment for Carbonite's

coal in Pennsylvania. Nor could Overaa "reasonably anticipate being haled into [this] court" by Carbonite based on Overaa's subsequent dealings with Unifilt, an unrelated company. Thus, assuming *arguendo* that Carbonite is correct and the Unifilt purchase was new evidence that the court should have considered, there is no error in the court's previous decision since the consideration of the March 2016 Unifilt purchase would not have changed the court's finding regarding the lack of specific jurisdiction over Overaa with respect to Carbonite's claim against it.

Additionally, Carbonite argues that the court erred since it should have considered the October 2018 Affidavit of its President, Brain Monaghan, which was not a sur-reply brief. Even though Carbonite, through its stated evidence, has shown that Overaa did seek to obtain some coal for the Sacramento project from a Pennsylvania company and that it purchased coal from Unifilt, neither the Monaghan Affidavit nor Overaa's discovery responses would have changed the court's analysis in its November 7, 2018 Memorandum since this evidence merely referenced the March 2016 Unifilt purchase. As discussed above, the Unifilt purchase does not establish that Carbonite's claims against Overaa arise out of or relate to Overaa's activities in Pennsylvania. As mentioned, Carbonite's claims in its complaint allege that Overaa owes it money for the 629 tons of anthracite coal it supplied in August of 2015 and was used for the Sacramento project. Thus, the fact that Overaa later contacted Unifilt in March of 2016 to get 52 tons of coal for the project does not establish that Overaa's contacts with Pennsylvania are material to

6

Carbonite's claim. *See* O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) ("[A] plaintiff's claims must 'arise out of or relate to' a defendant's forum contacts").

Thus, Carbonite's motion for reconsideration will be denied insofar as it seeks the court to vacate its November 7, 2018 Order granting Overaa's motion to dismiss for lack of personal jurisdiction.

Finally, Carbonite points out that in its opposition brief to Overaa's motion to dismiss, (Doc. 19 at 34), it requested that the court transfer this case to the District Court for the Northern District of California if the court was going to grant Overaa's motion to dismiss. Carbonite now requests, as alternative relief in its motion for reconsideration, that the court amend its November 7, 2018 Order and transfer this case to the Northern District of California, pursuant to 28 U.S.C. §1404(a) or §1406(a), since it states that the statute of limitations period for restitution in California is three years and its claim will be lost despite the fact that Overaa "has been unjustly enriched by retaining and using all of Plaintiff Carbonite's 629 tons of anthracite coal and refusing to pay for the same."

"A District Court is granted discretion to *sua sponte* transfer cases by [28 U.S.C. §1404(a)](), which provides in relevant part that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" [Wright v. Pa. DOC, 2015 WL 401685, *2 (W.D.Pa. Jan. 28, 2015)]() (citations omitted). Section 1406(a) provides "[t]he district court of a district in

which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Section 1406, ..., applies where the original venue is improper and provides for either transfer or dismissal of the case." [Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995)](#).

"Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007)(citing [Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995)](#)). Thus, §1404(a) does not apply in this case since the court does not have jurisdiction and the case was not brought in the correct forum. Rather, §1406(a) would apply since Carbonite filed suit in an improper forum. Id. at 77. As such, "district courts are required either to dismiss or transfer to a proper forum." Id. (citation omitted). "The decision whether to transfer under §1406(a) is in the sound discretion of the district court." Lafferty, 495 F.3d at 75 n. 3. Further, a transfer under §1406(a) "does not require the same consideration of factors as transfer under §1404(a) for forum non conveniens." Prominent GmbH v. Prominent Systems, Inc., 2017 WL 1316362, *19 (W.D.Pa. April 10, 2017) (citation omitted).

In Lafferty, 495 F.3d at 81, the Third Circuit held that "the transferee forum's limitations statute applies and the date of the initial filing in the improper forum counts as the date of the filing in the transferee forum for

limitations purposes when the case is transferred rather than dismissed under §1406(a)." As the Third Circuit in Lafferty, 495 F.3d at 82-83, explained:

> When a judge elects to transfer rather than dismiss a case filed in an improper forum, he elects to allow parties to preserve their claim "in the interest of justice." Thus, when cases, timely filed in an improper forum within the limitations periods of the transferor and transferee forums, are transferred rather than dismissed pursuant to §1406(a), the date of filing is the initial filing date in the transferor forum, even if the case is not docketed in the new forum until after the limitations period there has run.

The date of Carbonite's initial filing of its compliant in this district is June 19, 2018, and this date appears to be within the 3-year statute of limitations period for restitution in California if Carbonite's claims against Overaa arose in August of 2015. California law, CCP §338(d), "provides a three-year statute of limitations for "[a]n action for relief on the ground of fraud or mistake." Boon Rawd Trading Intern. Co., Ltd. v. Paleewong Trading Co., Inc., 688 F.Supp.2d 940, 955 (N.D.Ca. 2010). A claim for unjust enrichment is not a cause of action under California law. Id. at 956. Rather, unjust enrichment is "synonymous with restitution" and "is properly pled as a claim for a contract implied-in-law." Id. Thus, Carbonite's complaint improperly filed in this district may have been filed within the California's limitations period and may be timely if this case is transferred to Northern District of California.[3]

"In considering whether the interests of justice require transfer rather than dismissal, the courts have considered several factors, such as whether:

---

[3] The court notes that the statute of limitations issue under California law is a matter District Court for the Northern District of California to decide.

9

(1) dismissal would result in a procedural bar to filing a new law suit (i.e., statute of limitations issue); (2) transfer would be more economical or efficient; (3) the parties were represented by experienced litigators; and (4) the defendant has mislead plaintiff on the facts relevant to venue." Prominent GmbH, 2017 WL 1316362, *20 (citing TJF Assocs., LLC v. Kenneth J. Rotman & Allianex, LLC, 2005 WL 1458753, at *8 (E.D.Pa. June 17, 2005) ("transfer in lieu of dismissal is appropriate when dismissal will penalize the plaintiff by subjecting it to 'justice-defeating technicalities,' such as the impending expiry of a statues of limitations.")). Sufficient factors are present in this case to warrant a transfer.

Thus, in the interest of justice, the court will grant Carbonite's motion for reconsideration to the extent that it requests the court to transfer this case, and the court will amend its November 17, 2018 Order and transfer this case to the District Court for the Northern District of California. *See* Lafferty, 495 F.3d at 77 (under §1406(a), "district courts are required either to dismiss or transfer to a proper forum." (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–66, 82 S.Ct. 913 (1962) (emphasizing that federal district courts may transfer—rather than dismiss—cases that plaintiffs initially brought in an improper forum, regardless whether they otherwise have personal jurisdiction));Prominent GmbH, 2017 WL 1316362, *19 ("Courts have allowed a transfer under Section 1406(a), in the interest of justice, when suit is filed in a district in which venue is improper or personal jurisdiction is lacking, or both.).

### III. CONCLUSION

For the reasons discussed above, Carbonite's motion for reconsideration, (Doc. 29), seeking the court to set aside its November 17, 2018 Order, (Doc. 28), granting Overaa's motion to dismiss, (Doc. 12), Carbonite's complaint, (Doc. 1), for lack of personal jurisdiction is **DENIED**. Carbonite's motion for reconsideration to the extent that it requests the court to rescind its dismissal of the case and to transfer this case to the District Court for the Northern District of California is **GRANTED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 4, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1238-02.wpd